Pearson, J.
 

 The will of William Andrews was admitted to probate in 1828, and, the executors having renounced, John Dunn was appointed adminstrator with the will annexed. Amo.ng.-others, there is this clause: “-4th. I lend to my son William Andrews one half of my Ruffin tract of land: also one fourth 'of my other property; and at his death, I.lend the,same to his lawful heirs : I leave the same in the hands of my executors for the support of my said son William.” , .
 

 In 1833 a bill was filed by one of the legatees against Dunn and the other legatees for a settlement and division of the estate. Such proceedings were had therein, that in 1835, all the debts having been paid, a settlement was made and the property was divided into four pai'ts; of which three parts were delivered to the thi'ee legatees entitled 'thereto, and the l'emaining fourth part, which included the mother of the slave sued for, continued in possession of the administrator, under this clause in the decree: “ The other shai'e of said slaves shall be allotted to John Dunn, administrator and so on, for the use of the defendant, William • Andrews, upon the trust declared in the will of William Andi'ews, deceased.”
 

 William Andrews, Jr., had left the State befoi-e the bill •xyas filed, and gone to parts unknown. John Dunn hired out the slaves from year to year and deposited the notes taken for the hire in Court.
 

 Dunn died in 1839. The plaintiff was appointed administrator
 
 de bonis
 
 non, with the will annexed, of William Andrews, Jr., and soon thereafter commenced this suit.
 

 
 *205
 
 The only question, intended to be presented to this Court, •is, whether the part bequeathed to William Andrews
 
 was unadministered
 
 at the death of the first administrator, so as still to be a part of the estate of the testator, and, as such vest in the plaintiff, as administrator
 
 de bonis non.
 
 Or whether the facts above stated show an assent by the first administrator to this legacy, the legal effect of which was to vest title in him as trustee for William Andrews, Jr.
 

 The assent of an executor to his own legacy, as well as his assent to the legacy of another, maybeexpressed or implied.
 
 Kearn
 
 v.
 
 Kevan 2
 
 Ire. Eq. 34. doctrine is fully discussed.
 

 Dunn expressly assented to the* lejpcieg^f the-p|rsons entitled to the other three shares, ip-aaHacwlaP-dMr^ery to them; and it is entirely clear, that, asta theummalning fourth share, there was an assent, aspbs^iTo'rlTnplieC
 

 Our opinion is, that there was nofessf^nadrUlmstered, and the plaintiff, as administrator
 
 de bonis non,
 
 consequently has no title in the slave sued for.
 

 His Honor was of opinion, that there was no evidence of an assent by the first administrator. In this there is error.
 

 Pee CuRiam. Judgment reversed and
 
 venire de novo.